**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANK McDOWELL; DEBORAH McDOWELL, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> STATE OF CALIFORNIA; et al., <br><br> Defendants - Appellees. | No. 12-15051 <br><br> D.C. No. 3:11-cv-02569-CRB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted March 10, 2014[**]

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Frank and Deborah McDowell appeal pro se from the district court's

judgment dismissing their foreclosure action alleging violations of California state

law and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 619 (9th Cir. 2004), and we affirm.

The district court properly dismissed the McDowells' claims against the State of California as barred by Eleventh Amendment because, contrary to their arguments, Congress has not abrogated that immunity for the claims at issue and the McDowells do not seek only prospective injunctive relief from a state official. *See Tennessee v. Lane*, 541 U.S. 509, 517 (2004) (the Eleventh Amendment renders unconsenting states immune from any suit in federal court unless Congress abrogates that immunity); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997) (suits for prospective declaratory or injunctive relief against state officials in their individual capacity are a recognized yet narrow exception to the general prohibition of the Eleventh Amendment).

The district court properly dismissed the McDowells' claims against the remaining defendants as barred by the *Rooker-Feldman* doctrine because the McDowells' state law claims amounted to a forbidden de facto appeal of an unfavorable California state court judgment, while their new RICO claim was "inextricably intertwined" with that state-court judgment. *Noel v. Hall*, 341 F.3d 1148, 1158, 1163-65 (9th Cir. 2003) (the *Rooker Feldman* doctrine bars a federal

plaintiff from complaining of a legal wrong allegedly committed by the state court or seeking relief from a state court's judgment, including any issue "inextricably intertwined" with the state court judgment); *see also Cooper v. Ramos*, 704 F.3d 772, 778-79 (9th Cir. 2012) (claims are inextricably intertwined under the *Rooker-Feldman* doctrine where "'the relief requested in the federal action would effectively reverse the state court decision or void its ruling'" (citation omitted)).

The McDowells' contentions regarding the Martin Act of 1921; the district court's alleged denial of their attempts to "release the State from this suit;" and the alleged treason and other improprieties arising from California's settlement with Wells Fargo of claims regarding certain risky mortgages are unpersuasive.

The McDowells' motions for entry of default judgment against "American Servicing Company" and NDeX West LLC, submitted with their reply brief, are denied.

**AFFIRMED.**

12-15051